UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Raymond L. Semler,

                Plaintiff,

vs.

Eric Klang, Crow Wing County
Sheriff; and Rick Koop, Chief
Investigator for Crosby Police
Department; et al.,

                Defendants.        Civ. No. 08-919 (JNE/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP"). The Plaintiff appears pro se, and, in view of the fact that service of process has not yet been effected, no appearance has been made by, or on behalf of, the Defendants.

This action was commenced on April 1, 2008, by the filing of a Complaint with the Clerk of this Court. In this action, the Plaintiff is attempting to sue the named Defendants,[1] under Title 42 U.S.C. §1983, for allegedly violating his Federal constitutional rights. His Complaint also purports to state various claims under State law. The Plaintiff did not pay any filing fee for this action but, instead, filed an application seeking leave to proceed IFP. See, Docket No. 2. The Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied.

## II. Background

The Plaintiff is a civilly committed patient in the Minnesota Sex Offender Program (the "MSOP"). He alleges that he is in the custody of the Minnesota Commissioner of Human Services, and that he is currently confined at a facility in Moose Lake, Minnesota, which is operated by the State of Minnesota. See, Complaint, Docket No. 1, at p. 2, ¶1.

---

[1] Although the caption of the Plaintiff's Complaint names only Eric Klang, and Rick Koop, as Defendants, the allegations in the body of the Complaint suggest that he is attempting to sue two additional parties.

The Plaintiff's IFP Application shows that he is currently employed at the MSOP, and that he earns approximately $160.00 to $190.00 per month. See, Docket No. 2, at §2a. The IFP Application also shows that the Plaintiff has a patient trust account at the MSOP, which has a current balance of $878.51. Id., at §4, Attachment. It appears that the Plaintiff has no other income or assets at this time.

In light of the Plaintiff's current income, and the balance in his patient account, and given the Plaintiff's current status as a civilly committed State detainee, we cannot conclude that he is financially unable to pay the $350.00 filing fee for this action. Therefore, we recommend that the Plaintiff's IFP Application be denied. See, Title 28 U.S.C. §1915(a)(1).

## II. Discussion

In considering the merits of an in forma pauperis application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal in forma pauperis Statute, and which do not. The countervailing considerations at issue are easily recited, but difficult to resolve. In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting Souder v. McGuire, 516 F.2d 820, 823 (3rd Cir. 1975), and In re Smith, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system, with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of his Federal action without having to deprive himself of life's basic necessities. While we recognize, based upon the Plaintiff's sworn representations, that he may not be wealthy, we find that he has the wherewithal to

satisfy the modest costs incident to the commencement of his claim without necessitating his forbearance of other expenditures for life's necessities, or for his basic needs. See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51, and cases cited therein.

Our determination that the Plaintiff is not financially eligible for IFP status rests heavily on the fact that he is currently a ward of the State, and, as such, he presumably receives most of his life's necessities from the State. Therefore, he should be able to draw upon his patient account, and his wages, to pay for this lawsuit, without suffering any overwhelming hardship. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the wisdom of prosecuting that action, we find that, under the circumstances, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

We note that varying procedures have evolved in the granting, and in the denial, of in forma pauperis applications by Magistrate Judges. In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A), as an Order, with its attendant "clearly erroneous" standard of review.

However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Report and Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (concluding that a denial of in forma pauperis status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1985).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[2] The Local Rule requires that the Plaintiff's Complaint be filed, pending a determination of the propriety of his request for pauper's status. Although the Rule contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may

---

[2]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

deny the application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of his application, should an appeal be taken, this Court will issue its Order, which will preserve the status quo, until the District Court should rule on the matter.

Lastly, in the event that the Plaintiff elects not to challenge this Recommendation, he will be afforded an opportunity to pay the normal $350.00 filing fee, see, Title 28 U.S.C. §1914(a), and, if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant.[3]

---

[3] A review of the Plaintiff's Complaint reveals that the claims which he asserts, in this action, have already been raised and adjudicated in a prior Minnesota State Court action. The Plaintiff apparently thinks that a Federal Court can exercise appellate review over a State Court decision, and that, here, the Federal Court can and should reverse a Judgment entered in his earlier State Court action. Such reasoning, however, is erroneous. Federal Courts cannot exercise appellate review over State Court Judgments. To the contrary, Federal Courts are bound to give "Full Faith and Credit" to State Court Judgments. See, Title 28 U.S.C. §1738.

If the claims that the Plaintiff is attempting to bring here have already been adjudicated in State Court, then the Plaintiff's present lawsuit may well be barred by the doctrine of res judicata. See, Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC, 458 F.3d 733, 737 (8th Cir. 2006)("The Full Faith and Credit Statute, 28 U.S.C. §1738, requires federal courts to give state court judgments the same preclusive effect those judgments would be given in the courts of the states rendering them."); Harmon Industries, Inc. v. Browner, 191 F.3d 894, 902 (8th Cir. 1999) ("Principles of res judicata embodied in the Full Faith and Credit Act, 28 U.S.C. §1738 (1982), see, U.S. Const. art. 4, § 1, require federal courts to give preclusive
(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendants, until so directed by further Order of the Court.

2.      That the Plaintiff's application for in forma pauperis status [Docket No. 2] be denied.

Dated:  April 10, 2008                    *s/Raymond L. Erickson*
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than  April**

---

[3](...continued)
effect to the judgments of state courts whenever the state court from which the judgment emerged would give such an effect."). The Plaintiff should give careful consideration to these matters before he spends $350.00 to pursue this action. However, he will, of course, have to decide for himself how he wishes to proceed.

**25, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 25, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.